**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 15-02760 |
| | |
| | Chapter 7 |
| DESARROLLOS SANTA CRUZ INC | |
| | Adversary No. 16-00034 |
| Debtor(s) | |
| DESARROLLOS SANTA CRUZ INC | |
| Plaintiff | |
| vs. | |
| PRASA, et al. | |
| | **FILED & ENTERED ON 04/20/2016** |
| Defendant(s) | |

**OPINION & ORDER**

Upon the Plaintiff/Debtor's *Urgent Motion Requesting Preliminary Injunction* (*"Urgent Motion"*) [Dkt. No. 32] filed pursuant to Fed. R. Civ. P. 65 and made applicable to bankruptcy by Fed. R. Bankr. P. Fed. Rule 7065, in the above entitled cause, this Court HEREBY:

I. FINDS that:

(a) The Defendant Puerto Rico Aqueduct and Sewer and Authority ("PRASA") was properly

notified of the *Urgent Motion* by way of by messenger as set forth in the certificate of service [Dkt. No. 33].

(b) That motions have been filed in the captioned bankruptcy case, as well as in the present adversary proceeding, setting forth Debtor's inability to continue with the monthly utilities and maintenance charges of a Sanitary Sewage Pump Station ("Pump Station"), which provides for the sewage necessities of two (2) residential property projects (Prados de Dorado and Jardines de Dorado) with over 450 residences.

(c) That the padlocks which give access to the Pump Station have been changed disallowing the appearing Debtor access to the pump, and denying the ability to provide maintenance to the same.

(d) That in the instant case, any act of abandonment of the Pump Station would have negative consequences for the two residential projects and the surrounding environment.

(e) That the Debtor is liquidating and is by no means capable of continuing to carry the economic load of the monthly utilities and maintenance of the Pump Station.

(f) That in assessing the propriety of an 11 U.S.C.A. § 105 stay, the court bears in mind traditional equitable principles governing injunctions. To obtain injunctive relief under the Bankruptcy Code provision that authorizes the court to issue "necessary or appropriate" orders, the plaintiff must establish all of the following:

> (1) irreparable harm to the debtor or the estate if the injunction does not issue;
> (2) a strong likelihood of success on the merits;

(3) no harm or minimal harm to the adverse party; and

(4) absence of an adverse effect on the public interest.

11 U.S.C § 105(a); Saxby's Coffee Worldwide, LLC, 2009 WL 4730238 at 6; In re Bora Bora, Inc., 424 B.R. 17 (Bankr. D.P.R. 2010).

(g) That one factor in discerning "irreparable harm" in a bankruptcy context is whether the action sought to be enjoined would so consume the time, energy, and resources of the debtor that it would substantially hinder the debtor's reorganization effort. Irreparable harm, of the kind required for the issuance of a preliminary injunction, must be neither remote nor speculative, but actual and imminent. In re Codfish, 97 B.R. 131 (Bankr. D.P.R. 1988).

(h) That the granting of a preliminary injunction is an extraordinary and drastic remedy, which should be granted only when the movant has carried its burden through clear and convincing evidence. In re Philadelphia Newspapers, LLC, 407 B.R. 606 (E.D.Pa. 2009).

(i) That the court determines that all the factors needed to succeed in granting a preliminary injunction have been met by Plaintiff/Debtor pursuant to Fed. R. Civ. P. 65, and

II. ORDERS that; pending further Order from this Court,

(a) Defendant PRASA is assigned possession, control, and responsibility for all maintenance and operational requirements of the Pump Station.

(b) Defendant PRASA's response to the *Urgent Motion* shall be filed by 12 noon on Monday April 25, 2016.

(c) This preliminary injunction shall remain in effect until the court determines

Plaintiff/Debtor's request for a permanent injunction. **A hearing is scheduled to consider this matter and the parties are ordered to appear for a Permanent Injunction hearing to be held on Tuesday April 26, 2016, at 10:30 A.M. at US POST OFFICE & COURTHOUSE BLDG, 300 RECINTO SUR, 2ND FLOOR COURTROOM 1.**

SO ORDERED

San Juan, Puerto Rico, this 20th day of April, 2016.

Brian K. Tester
U.S. Bankruptcy Judge